UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY CORNIEL,<br><br>                 Plaintiff,<br>    v.<br>NAPHCARE, *et al.*,<br><br>               Defendants. | Case No. 3:18-cv-00157-MMD-WGC<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

      Magistrate Judge William G. Cobb issued a Report and Recommendation ("R&R") in this case concerning Defendants'[1] motion for summary judgment on Plaintiff Anthony Corniel's two claims of inadequate medical care under the Fourteenth Amendment ("Motion") (ECF No. 23).[2] (ECF No. 26.) Plaintiff did not respond to Defendants' Motion. Further, Plaintiff had until June 3, 2020, to file an objection to the R&R but has failed to do so. The R&R recommends granting the Motion. For the reasons below the Court will accept and adopt the R&R in full.[3]

      Where a party fails to object the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court

---

[1] The remaining Defendants are Physician Candace, Nurse Jamie, Nurse Jennifer, and Nurse Porsche. (ECF No. 6 at 5) Defendants NaphCare and Washoe County Detention Facility were dismissed at screening. (*See id.* at 6.)

[2] *See* ECF No. 6 (explaining that Plaintiff's claims fall under the Fourteenth Amendment because he is presumed to be a pretrial detainee and allowing him to proceed on Counts I and II of his complaint related to his hand injury (ECF No. 7).)

[3] The relevant factual background and applicable legal standard for a motion for summary judgment are provided in the R&R, which the Court adopts.

"need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's failure to object to the R&R, the Court finds it unnecessary to engage in de novo review to determine whether to accept the R&R. The Court is satisfied that there is no clear error on the face of the record and finds good cause to adopt the R&R. Judge Cobb recommends granting the Motion because Defendants have presented evidence, including expert opinion, to support a finding that Plaintiff was provided with appropriate medical care (*see, e.g.*, ECF No. 23-2 (medical records) at 131–38, 140, 145–47, 154, 508–10, 519–22, 525–33; ECF No. 23-3 (medical opinion regarding standard of care)). (ECF No. 26 at 6–11.) This evidence is unrefuted given Plaintiff's failure to respond to the Motion much less present contrary evidence and authority. Accordingly, the Court agrees that Defendants are entitled to summary judgment on Plaintiff's claims of inadequate medical care.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate William G. Cobb (ECF No. 26) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 23) is granted.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 8th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE