UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY CORNIEL, | Case No. 3:18-cv-00157-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NAPHCARE, *et al.*, | |
| Defendants. | |

Early on June 8, 2020, the Court issued an order ("Order") accepting the Report and Recommendation ("R&R") issued by Magistrate Judge William G. Cobb in this case, recommending that Defendants' motion for summary judgment ("Motion") (ECF No. 26) be granted. (ECF Nos. 27, 28.) This was after Plaintiff, who is an incarcerated *pro se* litigant, failed to timely object to the R&R. (*See* ECF No. 27.) The Court accepted the R&R because Defendants produced evidence to support summary judgment in their favor and Plaintiff had not refuted such evidence. (*See id.*) The Court has become aware that the Clerk received Plaintiff's objection (ECF No. 29) later the same day the Order was filed. The Court will nonetheless overrule the objection—which is effectively moot at this point— for the reasons provided below.

In the objection, Plaintiff asks that the Court set aside the R&R and permit him another 45 days to respond to the Motion. (*See* ECF No. 29.) Plaintiff claims that he did not respond to the Motion—not that he was unaware of it—because he did not understand its importance or the need to oppose it, and that he was not consistently housed in one place to seek help. (*See id.*)

In fairness to Defendants, the Court declines to grant Plaintiff's request for more time to file opposing points and authorities to the Motion. The Motion was filed on October 16, 2019—nearly eight months ago. Assuming that Plaintiff was not consistently housed

in one facility still does not excuse his apparent failure to obtain the assistance he claims he needed over such a long period of time. The only clear fact before the Court is that Plaintiff did nothing in response to the Motion. This is despite the fact that the day after Defendants filed the Motion, October 18, 2019, the Court issued its routine minute order regarding the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) ("*Klingele* Order") (ECF No. 24). The Court's *Klingele* Order explains the dispositive nature of a motion for summary judgment, providing, among other things, that if the Court grants such a motion it "may terminate either some portion or all of this lawsuit." (*Id.* at 1.) The *Klingele* Order further specifically sets forth the timelines for filing an objection and a reply and describes in detail what should be included in an opposition. (*Id.* at 3.) After such detailed explanation it is difficult for the Court to find credible Plaintiff's assertions that he did not understand the importance of the Motion and the need for him to oppose it.

Moreover, on November 18, 2019, Defendants submitted a reply noting Plaintiff's failure to oppose the Motion and asking that the Motion be granted. Again, Plaintiff did nothing—including not seeking clarification if he truly was unsure of the Motion's importance. To be sure, Plaintiff had another seven months before the R&R was issued to say something but did not.

Under these circumstances wherein Plaintiff showed a lack of diligence to communicate with the Court and to fully prosecute his lawsuit, the Court cannot agree that Plaintiff—although not represented by counsel—should be given more time to respond to the Motion.  A *pro se* litigant simply cannot fall back on claimed ignorance as a reason for failing to comply with basic procedural requirements and deadlines. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "*pro se* litigants are not excused from following court rules"). Plaintiff's objection is accordingly overruled.

///

///

It is therefore ordered that Plaintiff's objection (ECF No. 29) is overruled. The Court's order accepting and adopting the Report and Recommendation of Magistrate Judge Cobb and related judgment (ECF Nos. 27, 28) remain undisturbed and the case will remain closed. Plaintiff's option is to appeal the Court's decision if he chooses to do so.

DATED THIS 9th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE